2014 ND 35

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Grant H. SHAFT, a Member of the Bar of the State of North Dakota**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

**v.**

**Grant H. Shaft, Respondent.**

**No. 20140050.**

Supreme Court of North Dakota.

Feb. 13, 2014.

---

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] The Court has before it a Stipulation, Consent to Discipline and Recommendations by the Hearing Panel of the Disciplinary Board recommending that Grant H. Shaft be suspended from the practice of law in North Dakota for 30 days, and that he pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct. We accept the stipulation, consent to discipline, and recommendations. We suspend Shaft from the practice of law for 30 days and order him to pay costs of the disciplinary proceeding in the amount of $1,000.

[¶ 2] Shaft was admitted to practice law in North Dakota on September 25, 1986, and he is currently licensed to practice law.

[¶ 3] Shaft admitted service of a summons and petition for discipline on August 1, 2013, and an amended summons and amended petition for discipline on October

1, 2013. He filed a response to the amended petition for discipline on October 17, 2013. Disciplinary Counsel, Shaft's counsel, and Shaft entered into a stipulation and consent to discipline. The Hearing Panel of the Disciplinary Board filed a Stipulation, Consent to Discipline and Recommendations of Hearing Panel with this Court on February 7, 2014.

[¶ 4] In the Stipulated Facts and Conclusions of the Stipulation, Consent to Discipline and Recommendations of Hearing Panel, Shaft admitted the following facts and conclusions. From 1986 to 2012, Shaft practiced in Grand Forks as a member of Shaft, Reis & Shaft, Ltd. ("SRS"). Shaft was a fifty percent shareholder, director, and a corporate officer in SRS, holding the positions of Vice President and Secretary. SRS always operated such that all compensation for legal services performed by the employed attorneys was the property of SRS. The firm did not have written policies regarding matters such as pro bono work, representing family, developing and teaching continuing education courses or mediations. Eleven times during the years he practiced at SRS, Shaft directed payments for his services be paid directly to him at his residential address, instead of to SRS. Shaft generated bills for the eleven matters listing his residence address as the billing address instead of SRS. The matters included, but were not limited to, Shaft formulating and teaching continuing education courses, handling mediations, and a situation where Shaft represented family members. The total amount of the payments Shaft received for the matters was approximately $40,000.

[¶ 5] In December 2012, Shaft withdrew from SRS and became the sole shareholder in Grant H. Shaft, PLLC doing business as Shaft Law Office. Shaft reimbursed SRS for the total amount of payments he received for the eleven mat-

ters and, upon reimbursement, was paid a sum equal to his fifty percent interest in the amounts reimbursed. By written agreement, SRS and Shaft have resolved any remaining issues regarding similar billings.

[¶ 6] Shaft self-reported his conduct to the Disciplinary Board. He admitted his conduct violated N.D.R. Lawyer Discipl. 1.2(a)(3), Grounds for Discipline, and N.D.R. Prof. Conduct 8.4(c), Misconduct, which provides that it is misconduct to engage in conduct involving dishonesty, fraud, deceit or misrepresentation that reflects adversely on the lawyer's fitness as a lawyer. He also admitted his conduct violated N.D.R. Prof. Conduct 1.15(d), Safekeeping Property, which provides that upon receiving, in connection with a representation, funds or other property in which a third person has an interest, a lawyer shall promptly notify the third person; shall promptly deliver to the third person any funds or other property the third person is entitled to receive; and, upon request by the third person, shall promptly provide a full accounting regarding such property. Shaft admitted that, although his conduct primarily involved internal firm matters between the two shareholders of SRS, it involved an element of deception that adversely reflects on his fitness to practice.

[¶ 7] Shaft admitted aggravating factors of a dishonest or selfish motive and a pattern of misconduct. N.D. Stds. Imposing Lawyer Sanctions 9.22. He and Disciplinary Counsel admitted mitigating factors of the absence of a prior disciplinary record, timely good faith effort to make restitution or rectify consequences of misconduct, full and free disclosure to disciplinary board or cooperative attitude toward proceedings, character or reputation, and remorse. N.D. Stds. Imposing Lawyer Sanctions 9.32. Shaft agreed the

potential presumptive sanctions for his violations include suspension or reprimand under N.D. Stds. Imposing Lawyer Sanctions 5.12. After considering all the circumstances, Shaft and Disciplinary Counsel agreed, and the hearing panel recommended, that as a sanction for his conduct, Shaft be suspended from the practice of law for 30 days, and pay the costs and expenses of the proceedings in the amount of $1,000.

[¶ 8] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the stipulation, consent to discipline and recommendations by the Hearing Panel were due within 20 days of the service of the report of the hearing panel. On February 10, 2014, Shaft filed a letter stating that he waived the rights provided to him under N.D.R. Lawyer Discipl. 3.1(F), including the 20–day period in which to file objections. He requested that the suspension be effective February 15, 2014. By letter dated February 10, 2014, Disciplinary Counsel also waived the 20–day period in which to file objections. The Court considered the matter, and

[¶ 9] **ORDERED,** that in light of the waivers, the Court will enter its order without delay, prior to the expiration of the 20–day period in which to file objections.

[¶ 10] **IT IS FURTHER ORDERED,** that the Stipulation, Consent to Discipline, and Recommendations of the Hearing Panel is accepted.

[¶ 11] **IT IS FURTHER ORDERED,** that Grant H. Shaft is suspended from the practice of law for 30 days, effective February 15, 2014.

[¶ 12] **IT IS FURTHER ORDERED,** that Shaft must pay the costs and expenses of these disciplinary proceedings in the amount of $1,000 within 30 days of the entry of judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505–0530.

[¶ 13] **IT IS FURTHER ORDERED,** that Shaft must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 14] **IT IS FURTHER ORDERED,** that reinstatement is governed by N.D.R. Lawyer Discipl. 4.5(B).

[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, DANIEL J. CROTHERS, and LISA FAIR McEVERS, JJ., concur.